```
                  UNITED STATES DISTRICT COURT

                  EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                      CRIMINAL ACTION

VERSUS                                        NO: 08-232

KIM JERRY LEE                                 SECTION: R
```

**ORDER & REASONS**

Before the Court is Kim Jerry Lee's motion for appropriate relief based on the Bureau of Prisons' (BOP) refusal to consider him for early release upon successful completion of the Residential Drug Abuse Program (RDAP). The Court construes Lee's motion for appropriate relief as a petition under 28 U.S.C. §§ 2241 and 2255. Because the Court finds that it does not have jurisdiction to address Lee's argument that the BOP's decision was arbitrary and capricious, and Lee has not alleged that ineffective assistance of counsel affected the validity of his waiver of appeal and collateral challenge rights or the validity of his guilty plea, the motion is denied.

**I.   Background**

On March 17, 2009, the government filed a superseding bill of information charging Lee with conspiracy to distribute and possess with the intent to distribute a quantity of heroin in

violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C).[1] The superseding bill of information also charges that while under indictment for possession with intent to distribute heroin, Lee willfully and knowingly received a firearm affecting interstate commerce in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D).[2] On March 18, 2009, Lee pleaded guilty to the two count superseding bill of information.[3] The Court sentenced Lee to 57 months imprisonment, three years supervised release and ordered him to pay a special assessment of $200.

   Lee also entered a plea agreement with the Government under Federal Rule of Criminal Procedure 11.[4] At sentencing, the Court accepted the plea agreement.  Under the plea agreement, the Government agreed (1) not to charge Lee with any other violations of the Federal Controlled Substances Act that he may have committed before August 20, 2008; (2) to stipulate that Lee timely accepted responsibility for his offense under Section 3E1.1 of the Sentencing Guidelines and was therefore entitled to a three-point reduction in offense level; and (3) to inform the Court of any cooperation Lee rendered prior to sentencing.[5] In

---

[1]   R. Doc. 55.

[2]   *Id.*

[3]   R. Doc. 57.

[4]   R. Doc. 61.

[5]   *Id.*

exchange, and in addition to his guilty plea, Lee waived his right to contest his sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. §§ 2241 or 2255, except if he established ineffective assistance of counsel directly affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.[6]

On December 22, 2009, the BOP determined that based on Lee's conviction under 18 U.S.C. §§ 922(n) and 924(a) as a person under indictment for a felony in receipt of a firearm, he was precluded from early release eligibility under 18 U.S.C. § 3621(e)(2)(B).[7] Lee, currently incarcerated at the Federal Correctional Institution in Marianna, Florida, now moves for appropriate relief regarding BOP's refusal to consider him for early release credit upon successful completion of the RDAP program.

## II. DISCUSSION

In his "motion for appropriate relief," Lee argues that the BOP's decision to preclude him from early release eligibility upon successful completion of the RDAP program was arbitrary and capricious because he "is not and never has been violent."[8] In addition, in his reply brief, Lee argues that his sentence is not

---

[6] *Id.*

[7] R. Doc. 107 at 4-5.

[8] R. Doc. 107 at 2.

correct, asserting that the Court and all parties involved with his sentencing intended for him to receive the early release incentive under 18 U.S.C. § 3621(e) for successful completion of the BOP's RDAP program. In reviewing Lee's pro se briefs liberally, *Johnson v. Quarterman*, 479 F.3d 358, 359 (5th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the Court will address both Lee's argument in his initial motion and the argument in his reply brief separately below.

### A. Section 2241

In his "motion for appropriate relief," Lee asserts that the BOP's decision to preclude him from early release eligibility upon successful completion of the RDAP program was arbitrary and capricious. A petitioner's motion for habeas corpus relief is properly considered under 2241 when it appears that petitioner "is challenging the manner in which his sentence is being executed rather than the validity of his conviction and sentence." *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994); *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2241 is correctly used to attack the manner in which a sentence is executed."). A motion to receive credits on a sentence is a motion challenging the manner in which a sentence is executed and must be brought under section 2241. *See United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citing *Soyka v.*

*Alldredge*, 481 F.2d 303, 304 (3d Cir. 1973) ("[A] motion for credit of time calls for the computation of the service of a legally rendered sentence and is not directed toward the sentence itself."); *Garza-Flores v. Driver*, No. 06-299, 2006 WL 3487408, at *2 (S.D. Tex. Dec. 1, 2006) (holding that a motion to reduce one's sentence through participation in the RDAP program challenges the manner in which a sentence is being executed and is thus properly maintained in a section 2241 proceeding).

In order to entertain jurisdiction over a section 2241 habeas petition, the federal district court must have jurisdiction over the petitioner or his custodian when the petition is filed. *Gabor*, 905 F.2d at 78. Accordingly, a petitioner must file his habeas petition in the federal district in which he is physically present. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."). Here, it is undisputed that Lee filed this petition from the federal penitentiary in Marianna, Florida, which is not located in the Eastern District of Louisiana. Therefore, the Court does not have jurisdiction to address Lee's arguments regarding the BOP's decision to preclude him from early release eligibility.

**B. Section 2255**

*(i) Waiver of Appeal Rights*

In his reply brief, Lee requests that the Court construe his motion as a petition filed under 28 U.S.C. § 2255.[9] Lee asserts that his participation in BOP's RDAP program was discussed at his sentencing and in his pre-sentence investigation report and thus it was the Court's intent that he receive early release credit upon successful completion of the program.

Generally, a defendant may waive his statutory right to appeal as part of a plea agreement. *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). A waiver of post-conviction relief such as 28 U.S.C. § 2255 is valid if the waiver is informed and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The defendant must know that he had "a right to appeal his sentence and that he was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (internal quotation marks and citation omitted). It is the responsibility of the district court "to insure that the defendant fully understands his right to appeal and the consequences of waiving that right." *United States v. Gonzalez*, 259 F.3d 355, 357 (5th Cir. 2001) (quoting *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992)).

---

[9] R. Doc. 110 at 2.

Here, the evidence indicates that Lee's waiver was both knowing and voluntary. His signed plea agreement contains an express waiver of his right to appeal or seek relief under section 2255.[10] In addition, during Lee's rearraignment, the Court summarized the superseding bill of information, noted the maximum terms of imprisonment under the statute, and specifically questioned Lee about his appeal waiver. Lee indicated that he understood the ramifications of pleading guilty. The Court asked the lawyers to review the terms of the plea agreement, and Lee confirmed that he understood the terms of the plea agreement and had reviewed it with his lawyer. Lee attested that he understood that he was waiving his right to appeal, except under the limited circumstances outlined in the plea agreement. The Court specifically questioned Lee about his waiver of the right to appeal, and he confirmed that he knowingly waived his right to challenge his sentence. Lee's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Further, Lee does not even

---

[10] R. Doc. 61 at 2 ("Except as otherwise provided ... the defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence [and] waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 18, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.).

challenge the knowing and voluntary nature of his waiver of his right to appeal and file post-conviction motions. The waiver was not rendered invalid simply because Lee believed he would receive early release credit upon successful completion of the RDAP program. Accordingly, the Court finds that Lee fully understood the waiver of his right to appeal and the waiver of his right to file post-conviction motions when his plea was accepted.

*(ii) Ineffective Assistance of Counsel*

Lee asserts that as part of the plea agreement negotiations, defense counsel advised him that he would be eligible for early release upon successful completion of the RDAP program. Even in construing Lee's petition liberally to interpret this statement as an ineffective assistance of counsel claim, Lee's petition is without merit.

A defendant's waiver of appeal in a plea agreement "may not be enforced against a section 2255 petitioner who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary." *United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002). But, "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." *Id.* at 343. Ineffective assistance of counsel claims are not generally excepted from the general rule allowing

defendants to waive their statutory rights in order to reach a plea agreement if they wish.  *Id.*  If the plea or waiver itself were knowing and voluntary and the issue challenged on appeal is properly subject to waiver, "the guilty plea sustains the conviction and sentence and the waiver can be enforced."  *Id.* at 343-44.

Here, while Lee asserts that his counsel informed him that he would be eligible for early release upon successful completion of the RDAP program, Lee does not assert that this advice in any way affected the knowing and voluntary nature of his waiver of his right to appeal or his guilty plea.  Lee signed the plea agreement and acknowledged it in open court knowingly and voluntarily.  The issue of ineffective assistance of counsel is subject to waiver, and his waiver cannot be evaded.  Accordingly, the Court finds that Lee knowingly and voluntarily waived his right to post-conviction relief and that his waiver was not invalid by reason of ineffective assistance of counsel.

### (iii) Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate

should issue." RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" 537 U.S. 322, 336 (2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Lee's motion does not satisfy these standards. Lee claims that his sentence was incorrect, but Lee waived his right to appeal his sentence in his plea agreement. Furthermore, Lee does not assert that any alleged ineffectiveness by his counsel affected the waiver of his appeal or collateral challenge rights or the guilty plea itself. Accordingly, Lee's arguments do not

amount to a substantial showing that his constitutional rights were compromised, nor would they engender any type of debate among reasonable jurists.

### III. CONCLUSION

For the foregoing reasons, the Court denies petitioner's motion. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __16th__ day of December, 2010.

_____

**SARAH S. VANCE**

**UNITED STATES DISTRICT JUDGE**